**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | |
|---|---|
| **AJ GAS MART, INC.,** a New York Corporation, and<br>**JABR A. ABDULMAJID,** an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | CASE NO.<br><br><u>**COMPLAINT**</u> |

The Plaintiffs, AJ GAS MART, INC., a New York Corporation and JABR A. ABDULMAJID, an Individual, by and through their undersigned counsel, hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

<u>FACTUAL BACKGROUND</u>

1.    The Plaintiffs own and operate a retail food store in Buffalo, New York, named AJ Gas Mart, Inc., a New York Corporation (hereinafter "AJ"). The store is dedicated to the retail sale of primarily staple food items to the Plaintiffs' customers.

2.    Located in Buffalo, New York, AJ serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3.    Accordingly, AJ began accepting Electronic Benefit Transfers (or "EBT") to serve the local community better and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue as they conduct significant non-

SNAP transactions as well for ineligible items.

4.      On May 29, 2024, the USDA, through the FNS, issued a Charge Letter to the Plaintiffs wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiffs from the program.

5.      The Plaintiffs argued against a disqualification, but in a letter dated June 21, 2024, the Agency issued a six-month disqualification of the Plaintiffs.

6.      Accordingly, on July 1, 2024, the Plaintiffs timely filed for an Administrative Review of the Department's decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position.  The Plaintiffs took issue not only with the evidence that any violations of SNAP retailer policies had occurred but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees.

7.      The Administrative Review Division of the USDA responded to the Plaintiffs' appeal in a letter and opinion entitled Final Agency Decision, dated March 7, 2025, which was received on March 11, 2025 and attached hereto as **Exhibit "A"**.  The Plaintiffs' administrative appeal was denied.

8.      This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiffs for six (6) months from participating as a SNAP retailer.

<u>JURISDICTION AND VENUE</u>

9.      The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10.     This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11.     Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiffs' business is owned and operated in Buffalo, Erie County, New York and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Western District of New York.

## PARTIES

12.     The Plaintiff, AJ GAS MART, INC., is a New York Corporation and operates at 1981 Fillmore Ave., Buffalo, NY 14214-2813. AJ Gas Mart, Inc., is referred to herein as "AJ" and referred to herein collectively with the other Plaintiffs as "Plaintiffs".

13.     The Plaintiff, JABR A. ABDULMAJID, an Individual, is a natural person and is a registered owner of AJ and is referred to herein collectively with the other Plaintiffs as "Plaintiffs".

14.     The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

15.     The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

16.     The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements.  SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household.  These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

17.     The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as AJ.

## SNAP VIOLATION REGULATIONS AND POLICIES

18.     SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are.   In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

19.     The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

20.    In this instant action, the Defendant has alleged that the Plaintiffs committed transactions that amount to the selling of ineligible common non-food items (also referred to as "minor ineligible items") in EBT transactions.    Such allegations were based upon unsworn statements of an unidentified investigator.

21.    In all, the Charge Letter claims that the Plaintiff allegedly sold different ineligible items[1] to the Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture: (1) three rolls of Green Heritage pro tissue; (2) one bottle of Ajax Ultra dish liquid; (3) one pack of Clean Home Cellulose sponges; (4) one pack of Readi plates; and (5) two bottles of Tide detergent.

22.    Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

23.    The store oversees its employees and provides SNAP training. At no time was the store owner or manager neglectful or careless in operating the store.

24.    As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.


## ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES

25.    With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty.    As noted by the

---

[1] Albeit on different occasions.

District of Oregon in *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

26.    Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

COUNT I: REQUEST FOR JUDICIAL REVIEW

27.    The Plaintiffs incorporate and restate each and every paragraph set forth above as though fully set forth herein.

28.    The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, have the right to and hereby do, request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiffs.

29.    The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiffs had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

30.    Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

31.    The Plaintiffs' management and ownership have been diligent in operating the store and overseeing employees.

32.    Even if the transactions had occurred as described by the Defendant, they were in

no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training but cannot be omniscient or omnipresent for every transaction.

33.    Both the finding of a sale of ineligible items, and that such sale was the result of managerial or ownership neglect or carelessness, were errant and warrant reversal.

34.    Furthermore, the Plaintiffs have never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

35.    As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

36.    Therefore, the six (6) month disqualification against the Plaintiffs should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiffs' status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiffs, AJ GAS MART, INC., a New York Corporation and JABR A. ABDULMAJID, an Individual, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiffs and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiffs for six (6) months, as well as awarding the Plaintiffs the attorney's fees and costs incurred in this action.

## COUNT II: ARBITRARY AND CAPRICIOUS SANCTION

37.    The Plaintiffs hereby incorporate and restate paragraphs 1 through 24 above as though more fully set forth herein.

38.    The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program

by authorized retailers.

39.     The policies themselves draw arbitrary lines between numbers of ineligible items and transactions which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

40.     In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiffs which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

41.     As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiffs, AJ GAS MART, INC., a New York Corporation and JABR A. ABDULMAJID, an Individual, respectfully request this Court set aside the Defendant's suspension of the Plaintiffs from participating in the SNAP program, as well as award the Plaintiffs attorney's fees and costs incurred in this action.

## COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY

42.     The Plaintiffs hereby incorporate and restate paragraphs 1 through 24 above as if more fully set forth herein.

43.     The Plaintiffs timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification as the impact on the local community would be significant in the absence of AJ's ability to accept EBT.

44.     The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

45.     Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

46.     As such, the Plaintiffs request this Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate instead of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiffs, AJ GAS MART, INC., a New York Corporation and JABR A. ABDULMAJID, an Individual, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiffs attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorneys and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: April 1, 2025                    Respectfully submitted,

                                        CHELUS HERDZIK SPEYER & MONTE, P.C.

                                        KATY M. HEDGES, ESQ.
                                        New York Bar No: 4365201
                                        438 Main Street, Tenth Floor
                                        Buffalo, New York 14202
                                        Telephone: (716) 852-3600
                                        Facsimile:  (716) 852-0038
                                        Email: khedges@cheluslaw.com
                                        and

**METROPOLITAN LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp* _____
ANDREW Z. TAPP, ESQ.
Florida Bar No.: 68002
*Pro Hac Vice*[2]
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:  (813) 228-0658
Facsimile:  (813) 330-3129
Email:  Andrew@Metropolitan.Law
        LaJeana@Metropolitan.Law

**COUNSEL FOR PLAINTIFFS**

_____

[2] To Be Filed.